# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSE SANCHEZ,

      Plaintiff,

v.

CO MARSHALL, NURSE GARCIA, RICHARD FULLER, and STATE OF WISCONSIN,

      Defendants.

Case No. 17-CV-350-DEJ-JPS

**ORDER**

  Plaintiff Jose Sanchez, a Wisconsin state prisoner who is proceeding *pro se*, filed a civil rights complaint alleging that the defendants violated his Eighth Amendment rights at the Dodge Correctional Institution ("DCI"). (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed without prepayment of the filing fee. (Docket #3). Plaintiff has been assessed and paid an initial partial filing fee of $10.92. *See* 28 U.S.C. § 1915(b)(1).

  This case is currently assigned to Magistrate Judge David E. Jones and the parties have not had the opportunity to consent to magistrate judge jurisdiction. Therefore, this matter was randomly referred to this Court for the limited purpose of screening the complaint. The case will be returned to Magistrate Jones after entry of this Order.

**1.  Screening of the Plaintiff's Complaint**

  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

The plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The factual content of the complaint must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Id*. at 679. First, the Court determines whether the plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not supported by facts "are not entitled to the assumption of truth." *Id*. Second, the Court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. The Court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

**1.1 Factual Allegations**

On May 26, 2016, Plaintiff got a "severe case of hives" and experienced shortness of breath. (Docket #1 at 2). He asked CO Marshall if he could go to the Health Services Unit ("HSU") and she refused because she "didn't have time." *Id*. A few hours later, Plaintiff again asked to go to the HSU. *Id*. CO Marshall allowed him to go to the HSU but made him walk there on his own. *Id*.

Plaintiff arrived at the HSU and Nurse Garcia gave him a Benadryl. *Id*. She then made Plaintiff walk back to his cell on his own. *Id*. Later that day, around 5:00 p.m., Plaintiff still felt ill and requested to go to the HSU again. *Id*. CO Marshall told Plaintiff that the HSU "didn't want to see him." *Id*. at 2-3.

For the next two days, May 27 and May 28, 2016, Plaintiff had to walk to the HSU on his own several more times to get Benadryl. *Id*. at 3. These journeys caused a lot of physical pain. *Id*. At some point between May 26 and May 28, 2016, Plaintiff told Doctor Richard Fuller about his symptoms and the doctor refused to physically examine, treat, or diagnose Plaintiff. *Id*. at 5. On May 28, 2016, around 4:55 p.m., prison staff took Plaintiff to the Intensive Care Unit ("ICU") at the Waupun Memorial Hospital Emergency Department. *Id*. at 3. Plaintiff had to be "intubated." *Id*. He was released from the ICU a few days later on June 1, 2016. *Id*. Plaintiff seeks injunctive and monetary relief. *Id*. at 6.

**1.2 Legal Analysis**

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of*

*Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). The State of Wisconsin is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989). Therefore, the Court will dismiss the State of Wisconsin as a defendant.

The Eighth Amendment protects an inmate's right to humane conditions of confinement including adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 825-26 (1994). A prison official may be liable if he or she acts with "deliberate indifference" to a substantial risk of serious harm to inmate health or safety. *Id*. at 834. A prison official is deliberately indifferent when he or she knows of a substantial risk of serious harm and either acts or fails to act in disregard of that risk. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Harm is sufficiently "serious" if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Id.*

Plaintiff may proceed with an Eighth Amendment deliberate indifference claim against Marshall, Garcia, and Fuller. He states that he notified Marshall, Garcia, and Fuller of a "severe case of hives" and shortness of breath, and the Seventh Circuit has concluded that hives can constitute an objectively serious medical condition. *See Ammons v. Altergot*, 968 F.2d 1218 (7th Cir. 1992). He further states that Marshall and Garcia forced him to walk around with this condition for several days, which caused a substantial amount of pain. Fuller refused to physically examine, treat, and diagnose his condition. Several days after that, Plaintiff was taken to the ICU and "intubated" until June 1, 2017. It's unclear what exactly happened to cause Plaintiff to need ICU care, but at this stage of

the litigation, his allegation that he had hives and did not get sufficient medical care therefor is sufficient to state an Eighth Amendment deliberate indifference claim against Marshall, Garcia, and Fuller.

**2.     Plaintiff's Motion to Appoint Counsel**

Plaintiff has also filed a motion for the appointment of counsel. (Docket #2). He explains that he has a low I.Q. and may soon lose help from the "jailhouse lawyer." *Id.*

In a civil case, the Court has discretion to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). However, the litigant must first make reasonable efforts to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a plaintiff can satisfy this requirement by providing the Court with: (1) the attorneys' names, (2) the addresses, (3) the date and way Plaintiff attempted to contact them, and (4) the attorneys' responses.

Once Plaintiff makes reasonable attempts to hire counsel, the Court then decides "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). The Court looks not only at Plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.* "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

The Court is satisfied that Plaintiff made reasonable attempts to secure counsel on his own. *See* Docket # 2-1. However, it will not appoint counsel at this early stage of the case, as Plaintiff has not shown the Court that the case exceeds his competence to present it. Further, while Plaintiff complains that he may lose the benefit of his jailhouse lawyer in the future, the operative question is whether the case is too complex for Plaintiff to litigate on his own; it is not whether a jailhouse lawyer might do a better job. *See Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014).

Plaintiff has provided the Court with a complaint adequately presenting the facts underlying his claims. All Plaintiff must do right now is wait for defendants to file an answer. If and when defendants file an answer, the Court will issue a scheduling order with further instructions on how to proceed with the case. Plaintiff can ask defendants to answer his interrogatories, *see* Fed. R. Civ. P. 33, and ask them to produce documents that he believes support his version of the relevant events, *see* Fed. R. Civ. P. 34. He will also be able to present his version of the events through an affidavit or unsworn declaration, under 28 U.S.C. § 1746, in response to any motion for summary judgment that defendants might file. At this time, the Court has no reason to believe that Plaintiff cannot handle these tasks on his own.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #3) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the State of Wisconsin be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the **$339.08** balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that Plaintiff's motion for the appointment of counsel (Docket #2) be and the same is hereby **DENIED without prejudice;**

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this Order will be electronically sent to the Wisconsin Department of Justice for service on Defendants CO Marshall, Nurse Garcia, and Richard Fuller. These defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the institution where Plaintiff is confined;

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties; and

**IT IS FURTHER ORDERED** that this case be referred back to the United States Magistrate Judge assigned to this case for further proceedings.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge